IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN JOHNSON ELLIS**                                                                        **PLAINTIFF**
**ADC #121088**

V.                                     CASE NO. 4:21-cv-00707 JM

**PULASKI COUNTY JAIL,** *et al.*                                                    **DEFENDANTS**

## ORDER

Plaintiff John Ellis Johnson, in custody at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 2). He also filed an application for leave to proceed *in forma pauperis*. (Doc. No. 1). Because Johnson makes the showing required by 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED. His Complaint, however, will be dismissed for failure to state a claim on which relief may be granted.

### I. *In Forma Pauperis* Application

Because Johnson has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. No. 1) is granted. The Court assesses an initial partial filing fee of $71.78. Johnson's custodian is directed to collect the initial partial filing fee and thereafter to collect the remainder of the filing fee in monthly payments equal to 20% of the preceding month's income in Johnson's institutional account each time the amount in that account is greater than $10. Johnson's custodian must send those payments to the Clerk until a total of $350 has been paid. These payments should be clearly identified by the name and number assigned to this action.

## II. Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III. Discussion

Johnson brought suit under 42 U.S.C. § 1983. (Doc. No. 2). He sued the Pulaski County Jail, Little Rock Police Department, Arkansas Department of Correction, and unidentified Little Rock Police Department detectives and arresting officers in their official and personal capacities. (*Id*. at 1-2). Johnson challenges an earlier conviction. (*Id*. at 4-

6). He alleges "false witness statement, false photo spread, false affidavit order for arrest warrant" and that he was "held against his will". (*Id*. at 5). Johnson also alleges "examination forensic services identifying information concealed." (*Id*.) It appears Johnson was arrested in 2016 and convicted on November 30, 2018.[1] Johnson seeks damages and to have his conviction reversed. (*Id*. at 7).

### A.      Defendants Not Subject to Suit Under 42 U.S.C. § 1983

As mentioned above, Johnson sued under 42 U.S.C. § 1983. (Doc. No. 2). Neither the Pulaski County Jail, Little Rock Police Department, or Arkansas Department of Correction is subject to suit under 42 U.S.C. § 1983. *Brown v. Missiouri Dep't. of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Accordingly, Johnson's claims against these Defendants cannot proceed.

### B.      Official Capacity Claims

Johnson sued the Doe Little Rock Police Department detectives and officers in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *Id*. Johnson did not allege that any

---

[1] *State v. John Ellis Johnson*, 60CR-16-1976.

policy, practice, or custom was the moving force behind the alleged violations of his rights. As such, Johnson failed to state an official-capacity claim.

### C. *Heck v. Humphrey*

To the extent the statute of limitations has not run on Johnson's remaining claims, *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001), those claims nonetheless fail. Johnson's claims are barred by the holding of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court instructed:

> [W]he a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." *Id*. at 485 (internal citations omitted).

Nothing in Johnson's pleadings, however, indicates that his conviction, sentence, or imprisonment has been called into question by issuance of a federal writ of *habeas corpus*. If Johnson prevailed on his claims, the judgment in his favor would necessarily imply the invalidity of his conviction. Under these circumstances, Johnson's damages claims are barred by the Supreme Court's ruling in *Heck* and those claims must be dismissed. Further, Johnson's conviction cannot be reversed in this § 1983 action as he requests. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Johnson's motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.

2. Johnson's custodian, the Warden of the East Arkansas Regional Unit or his or her designee, is directed to collect an initial partial filing fee in the amount of $71.78, and thereafter to collect the remainder of filing fee in monthly payments equal to 20% of the preceding month's income in Johnson's institutional account each time the amount in Johnson's account is greater than $10.  Johnson's custodian must send those payments to the Clerk until a total of $350 has been paid.  All payments made on Johnson's behalf must be identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this order to the Warden of the East Arkansas Regional Unit of the Arkansas Department of Correction, P.O. box 970, Marianna, Arkansas 72360; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

4. Johnson's Complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted.

5. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

6. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 10th day of August, 2021.

                                                                                 _____
                                                                                 UNITED STATES DISTRICT JUDGE